UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JONATHAN THARP; and LAUREN LUBY,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DIVISION OF CHILD AND FAMILY SERVICES,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DENY EMERGENCY MOTION FOR JUDICIAL REVIEW<br>(DOC. NO. 4)**<br><br>Case No. 2:25-cv-00304<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Jonathan Tharp and Lauren Luby filed this action against the Utah Division of Child and Family Services (DCFS), alleging DCFS "acted outside of its statutory and constitutional authority, and in open defiance of multiple court orders, to remove and retain custody of Plaintiffs' children without a valid legal basis or due process."[1] Mr. Tharp and Ms. Luby have filed an "Emergency Motion for Judicial Review," seeking injunctive relief.[2] However, because they fail to demonstrate a risk of immediate and irreparable harm without injunctive relief, the undersigned recommends[3] the district judge deny Mr. Tharp and Ms. Luby's motion.

---

[1] (Compl., Doc. No. 1 at 1.)

[2] (Emergency Mot. for Judicial Rev. (Mot.), Doc. No. 4 at 9.)

[3] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. Nos. 8, 9.)

## LEGAL STANDARDS

Where Mr. Tharp and Ms. Luby request immediate injunctive relief without notice to DCFS, the court construes their motion as a motion for a temporary restraining order.[4] Because emergency injunctive relief is an "extraordinary remedy," a party seeking it must demonstrate a "clear and unequivocal right" to the injunction.[5] To obtain a temporary restraining order, Mr. Tharp and Ms. Luby must establish (1) a likelihood of success on the merits, (2) they will suffer immediate and irreparable injury without the injunction, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest.[6] The "most important prerequisite" is a showing of irreparable harm,[7] and when a party fails to meet the irreparable harm requirement, the court need not consider the other requirements.[8]

Because Mr. Tharp and Ms. Luby proceed pro se (without an attorney), their filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[9] Still, pro se plaintiffs must follow the same procedural

---

[4] *See Simmler v. Simmons*, No. 2:18-cv-00981, 2020 U.S. Dist. LEXIS 8887, at *4 (D. Utah Jan. 17, 2020) (unpublished) ("Plaintiff moves the court for ex parte injunctive relief, which the court construes as a motion for an ex parte temporary restraining order.").

[5] *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

[6] *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980); *see also* Fed. R. Civ. P. 65(b).

[7] *Greater Yellowstone Coal.*, 321 F.3d at 1261.

[8] *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 890 (10th Cir. 2021) (declining to consider the remaining factors where the plaintiffs failed to show irreparable harm).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

rules as other litigants.[10]  While courts make some allowances for pro se plaintiffs' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

Mr. Tharp and Ms. Luby's filings are voluminous and difficult to follow.  The thrust of their complaint appears to be that DCFS violated a litany of state and federal laws and international treaties by "interfer[ing] with the Plaintiffs' relationship with [their] minor children."[13]  They allege Ms. Luby is the mother of the children, and Mr. Tharp "has been in a long-term relationship with [Ms. Luby] and acted as a de facto parent to the two children for more than seven years."[14]  Mr. Tharp and Ms. Luby, along with the children's father and paternal grandparents, are litigating over custody of the children in a Utah juvenile court and a Utah district court.[15]  However, the sequence of events giving rise to the two state cases is unclear, as is the current status of custody over the children.

---

[10] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[13] (*See* Compl., Doc. No 1 at 1–2, 5–10.)

[14] (*Id.* at 3.)

[15] (*See id.* at 3–4.)

Mr. Tharp and Ms. Luby allege that in 2023, the children's father took the children to Canada "under the guise of a temporary visit," but refused to return them "[u]pon expiration of the agreed visit."[16]  Mr. Tharp and Ms. Luby then "filed a petition under the Hague Convention on the Civil Aspects of International Child Abduction, which was duly heard by the British Columbia Supreme Court."[17]  According to Mr. Tharp and Ms. Luby, "[t]he Canadian court found the removal and retention wrongful and issued an Order for the immediate return of the children to the United States on March 5, 2024."[18]  But, Mr. Tharp and Ms. Luby allege, "DCFS and the Utah Juvenile Court have refused to recognize the [Canadian court's] order, considering de facto custody to the father and paternal grandparents."[19]  In their complaint, Mr. Tharp and Ms. Luby request "declaratory and injunctive relief requiring Utah authorities to recognize and enforce the BC Supreme Court return order and to prevent further alienation by the paternal family."[20]  They also assert several other claims relating to DCFS's reliance on state court orders.[21]

In their motion for a temporary restraining order, Mr. Tharp and Ms. Luby ask the court to (1) stay unidentified "orders from the Utah Juvenile Court and DCFS,"

---

[16] (*Id.* at 7.)

[17] (*Id.*)

[18] (*Id.*)

[19] (*Id.*)

[20] (*Id.*)

[21] (*See id.* at 4–10.)

(2) "[e]nforce" the "order from the British Columbia Supreme Court mandating the children's return to Utah," (3) "[h]alt any further delay in the [state court] trial process, which has been postponed multiple times," and (4) "[p]rovide any other relief necessary to prevent further harm to the Plaintiffs and to secure the children's return to their lawful custody."[22]

Mr. Tharp and Ms. Luby fail to establish they will suffer immediate, irreparable harm without an injunction. Their complaint and motion for a temporary restraining order contain inconsistent allegations regarding the custody status of the children—it is unclear who has the children, where the children are, or what the juvenile court has ordered with respect to child custody. For example, several allegations suggest the father and/or paternal grandparents still have the children in Canada,[23] while others suggest the children are in Utah.[24] Because of this uncertainty, it is unclear what harm (if any) will result without injunctive relief. (It is also unclear how the broad injunction

---

[22] (Mot., Doc. No. 4 at 9.)

[23] (*See, e.g.*, Compl., Doc. No. 1 at 10 ("Presently, DCFS continues to support a plan involving unsupervised visitation and placement with the father and paternal family in Canada, despite federal, state, and international orders to the contrary and the paternal family history of abduction and alienation."); Mot., Doc. No. 4 at 4 ("The British Columbia Supreme Court's order mandates the immediate return of the children to Utah, yet their illegal removal from Utah by the [paternal] grandparents continues unabated."); Mot., Doc. No. 4 at 9 (requesting an order enforcing the "order from the British Columbia Supreme Court mandating the children's return to Utah").)

[24] (*See, e.g.*, Mot., Doc. No. 4 at 4 (alleging the paternal grandparents "reside in Canada and have expressed *intent* to take the children there *upon receiving custody*" (emphasis added)); *id.* at 4–5 ("During the abduction of the children to Canada *from August 2023 to February 2024*, the mother was cut off from contact with the children entirely, and her efforts to contact them were obstructed." (emphasis added)).)

Mr. Tharp and Ms. Luby request would affect the status of the children's custody.[25]) Accordingly, Mr. Tharp and Ms. Luby fail to show irreparable harm that is "both certain and great."[26] The purpose of a temporary restraining order is "to preserve the status quo and prevent immediate and irreparable harm."[27] Where the status quo is unclear, a temporary restraining order is inappropriate.[28]

### RECOMMENDATION

Because Mr. Tharp and Ms. Luby fail to show irreparable harm, the undersigned recommends the district judge deny their motion for a temporary restraining order.[29]

---

[25] *See Rodriguez v. Wiley*, No. 08-cv-02505, 2009 U.S. Dist. LEXIS 126406, at *13 (D. Colo. Aug. 14, 2009) (unpublished) ("[T]he court is wary of issuing equitable relief in a situation . . . where application of the injunction is highly uncertain." (internal quotation marks and citation omitted)).

[26] *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (citation omitted); *see also Colorado*, 989 F.3d at 886 (noting the movant "must make a clear and unequivocal showing it will likely suffer irreparable harm absent preliminary relief").

[27] *Radioshack Corp. v. Ruffin*, No. 12-2014, 2012 U.S. Dist. LEXIS 22209, at *17–18 (D. Kan. Feb. 22, 2012) (unpublished).

[28] Because Mr. Tharp and Ms. Luby fail to show irreparable harm, the court need not address the remaining requirements for a temporary restraining order. *See Colorado*, 989 F.3d at 890.

[29] (Doc. No. 4.)

Mr. Tharp and Ms. Luby have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[30]

DATED this 27th day of May, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[30] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).