IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN THARP and LAUREN LUBY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UTAH DIVISION OF CHILD AND FAMILY SERVICES,**<br><br>Defendant. | **ORDER AFFIRMING AND ADOPTING REPORT & RECOMMENDATION**<br><br>Case No. 2:25CV304-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

This case was assigned to United States District Court Judge Dale A. Kimball, who referred the case to United States Magistrate Judge Daphne A. Oberg under 28 U.S.C. § 636(b)(1)(B). On May 27, 2025, the Magistrate Judge entered a Report and Recommendation ("Recommendation") recommending that the undersigned judge deny Plaintiffs' Ex Parte Motion for Emergency Judicial Review because they had failed to demonstrate that without injunctive relief, there was a risk of immediate and irreparable harm.

Specifically, the Magistrate Judge noted that Mr. Tharp and Ms. Luby, in their motion, ask the court to:

> (1) stay unidentified "orders from the Utah Juvenile Court and DCFS," (2) "[e]nforce" the "order from the British Columbia Supreme Court mandating the children's return to Utah," (3) "[h]alt any further delay in the [state court] trial process, which has been postponed multiple times," and (4) "[p]rovide any other relief necessary to prevent further harm to the Plaintiffs and to secure the children's return to their lawful custody."[1]

---

[1] ECF No. 15 at 4-5.

The Magistrate Judge also pointed out that the Complaint and emergency motion contain inconsistent allegations regarding the custody status of the children and how the broad injunction would affect the status of the children's custody.[2] In light of these ambiguities, the Magistrate Judge concluded that Mr. Tharp and Ms. Luby fail to show irreparable harm that is "'both certain and great.'"[3] Moreover, the Magistrate Judge stated, because the purpose of a temporary restraining order is "'to preserve the status quo and prevent immediate and irreparable harm,'"[4] where the status quo is unclear, a temporary restraining order is inappropriate.[5]

Mr. Tharp and Ms. Luby timely filed an Objection to the Recommendation.[6] Having conducted a de novo review of the documents filed in this case, including the Complaint, the Motion for Emergency Judicial Review, the Magistrate Judge's Recommendation, and the Objection, the court agrees with the Magistrate Judge's Recommendation.

In their Objection, Plaintiffs have not clarified the custody status of the children or how the broad injunction would affect the status of the children's custody. For example, Plaintiffs suggest that the children are in their paternal grandparents' custody[7] and that there is a risk of

---

[2] *Id.* at 5.
[3] ECF No. 15 at 6 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)(citation omitted)).
[4] *Id.* (quoting *Radioshack Corp. v. Ruffin*, No. 12-2014, 2012 U.S. Dist. LEXIS 22209, at *17–18 (D. Kan. Feb. 22, 2012) (unpublished)).
[5] *Id.*
[6] ECF No. 20.
[7] *Id.* at 2, 5 (plaintiffs state, "Since being placed with the paternal grandparents . . . ." and also ask the court to "[o]rder[] the immediate removal of the children from the paternal grandparents' custody.")

"repeat international removal" if the children are with their paternal grandparents,[8] but they also ask this court to enforce a binding Hague Convention return order, which suggests that the children have not yet been returned to the United States.[9] Plaintiffs have also not explained what proceedings are currently taking place in Juvenile Court or which Juvenile Court orders plaintiffs seek to be stayed. Without knowing the current situation, the court cannot grant Plaintiffs' motion.

Accordingly, the court affirms and adopts the Magistrate Judge's Report and Recommendation in its entirety. Plaintiffs' Motion for *Ex Parte* Emergency Judicial Review [ECF No. 4] is DENIED, but the denial is without prejudice to bringing a future motion for injunctive relief that provides answers to the questions raised in the Magistrate Judge's Recommendation and that is served on the Department of Child and Family Services so that it may respond.

DATED this 18th day of June 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[8] *Id.* at 2 (plaintiffs state that the "grandparents have previously abducted the children to Canada, and there remains a credible risk of repeat international removal . . . .").
[9] *Id.* at 4 (challenging "[t]he refusal to enforce a binding Hague Convention return order.")