UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JONATHAN THARP; and LAUREN LUBY, <br><br> Plaintiffs, <br><br> v. <br><br> UTAH DIVISION OF CHILD AND FAMILY SERVICES, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 19)** <br><br> Case No. 2:25-cv-00304 <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Daphne A. Oberg |

Jonathan Tharp and Lauren Luby filed this action without an attorney and without paying the filing fee.[1] Mr. Tharp and Ms. Luby now move for appointment of counsel.[2] Because Mr. Tharp and Ms. Luby have not shown appointment of counsel is warranted, the motion is denied.

While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "there is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1),

---

[1] (*See* Compl., Doc. No. 1.)

[2] (Mot. for Appointment of Pro Bono Counsel (Mot.), Doc. No. 19.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citation modified).

[5] *See Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Considering these factors, appointment of counsel is unwarranted at this stage. Mr. Tharp and Ms. Luby ask the court to appoint counsel because "this case involves complex legal issues of federal constitutional law, international treaty enforcement, federal preemption, and jurisdictional conflict with state proceedings," and they cannot afford counsel.[8] However, it is not yet clear whether Mr. Tharp and Ms. Luby's claims are meritorious. Further, based on a review of the complaint and Mr. Tharp and Ms. Luby's voluminous filings in this case (including more than a hundred pages of exhibits attached to their complaint), Mr. Tharp and Ms. Luby appear capable of presenting their claims. Accordingly, Mr. Tharp and Ms. Luby have not demonstrated appointment of

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation modified).

[8] (Mot., Doc. No. 19 at 1 (citation modified).)

counsel is warranted at this stage, and their motion for appointment of counsel[9] is denied.

DATED this 18th day of June, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[9] (Doc. No. 19.)