IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN THARP and LAUREN LUBY,**<br><br>Plaintiffs,<br><br>v.<br><br>**UTAH DIVISION OF CHILD AND FAMILY SERVICES,**<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>Case No. 2:25CV304-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the court on pro se Plaintiff Lauren Luby's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion").[1] This case has been referred to United States Magistrate Judge Daphne A. Oberg under 28 U.S.C. § 636(b)(1)(B), but because of the time-sensitive nature of the motion, the undersigned District Judge will decide the TRO Motion.

The court denies the TRO Motion because Ms. Luby has not demonstrated a substantial likelihood of success on the merits, and therefore, it is not clear that this court has jurisdiction over this action because of Defendant's probable Eleventh Amendment immunity. In addition, Ms. Luby has also not set forth in her motion why there is a sudden need for an immediate

---

[1] ECF No. 32, Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. Ms. Luby has filed the TRO Motion without her co-plaintiff, Jonathan Tharp, presumably because the Defendant has filed a Motion to Dismiss, arguing, among other things, that Mr. Tharp has no standing to bring this action. It is unclear if Ms. Luby is conceding that Mr. Tharp has no standing.

injunction to prevent irreparable injury, especially when Plaintiffs recently filed a "Cross-Motion for Declaratory and Injunctive Relief,"[2] which is currently being briefed.[3]

First, the court notes that Ms. Luby's TRO Motion pertains only to Defendant Utah Division of Child and Family Services ("DCFS"). In the caption of this motion, Ms. Luby names the "Juvenile Court Clerk/ Administrator," but this individual has not been named as a defendant in this lawsuit. Similarly, in the caption of this motion, Ms. Luby names Allan Luby and Sheila McRae, her children's paternal grandparents, who have also not been named as defendants in this lawsuit and who have not been served. A plaintiff cannot add defendants to a lawsuit by adding their names to the caption of a motion; rather a plaintiff must first file a Motion to Amend the Complaint.[4] Accordingly, the court construes this TRO Motion as seeking a TRO against only DCFS, which is the only Defendant who has been named and served in this lawsuit.

The court has previously denied Plaintiffs' Motion for Ex Parte Emergency Judicial Review,[5] which the court construed as a Motion for a Temporary Restraining Order.[6] Moreover, after DCFS was served, it filed a Motion to Dismiss, which is now fully briefed, arguing that Plaintiffs' action should be dismissed for several reasons, including that (1) DCFS is an arm of

---

[2] ECF No. 27, Plaintiffs' Cross-Motion for Declaratory and Injunctive Relief; *see also* ECF No. 25, Plaintiffs' Memorandum in Support of Declaratory and Injunctive Relief.

[3] *Id.*; ECF No. 31, Defendant's Memorandum in Opposition to Plaintiffs' Cross-Motion for Declaratory and Injunctive Relief.

[4] *See* Fed. R. Civ. P. 15; DUCivR 15-1.

[5] ECF No. 15, Report and Recommendation ("R&R"); ECF No. 21, Order Affirming and Adopting Report and Recommendation ("Order Adopting R&R").

[6] ECF No. 15, R&R at 2; ECF No. 21, Order Adopting R&R.

the state and is entitled to Eleventh Amendment immunity; (2) Plaintiffs have failed to state a claim upon which relief may be granted; (3) Plaintiffs' various claims under 1983 are not cognizable because DCFS is not a person amendable to suit; (4) Plaintiffs have not stated a claim under the International Child Abduction Remedies Act; and (5) Title IV-E of the Social Security Act and the Interstate Compact on the Placement of Children do not provide for private rights of action.

While the court does not here decide the pending Motion to Dismiss, which is referred to the Magistrate Judge, the court finds that DCFS has made a compelling immunity argument in its motion that Ms. Luby has not addressed in her TRO Motion. Also, upon a superficial reading of her Memorandum in Opposition to the Motion to Dismiss,[7] she has not made a convincing argument against DCFS's immunity argument. If DCFS is correct, this court would not have subject matter jurisdiction over Ms. Luby's claims.

As the court has previously noted in this case, a motion for emergency injunctive relief is an "extraordinary remedy," and a party seeking it must demonstrate a "clear and unequivocal right" to the injunction.[8] To prevail on her TRO Motion, Ms. Luby must establish (1) a substantial likelihood of prevailing on the merits, (2) that she will suffer irreparable harm without the injunction, (3) that the balance of equities tips in her favor, and (4) that an injunction will not adversely affect the public interest.[9] At least at this juncture, she has not

---

[7] ECF No. 24, Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss and Memorandum in Support.

[8] ECF No. 15, R&R at 2 (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

[9] *See id.*; *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). *See also* Fed. R. Civ. P. 65(b).

demonstrated that DCFS might not be immune from suit under the Eleventh Amendment. She has also not provided any information in her motion as to why she will suffer immediate and irreparable injury without an immediate TRO, other than to argue that "[i]mmediate relief is necessary due to the imminent threat of foreign transfer to Canada in violation of federal law, prior district court orders, and the children's safety and welfare."[10] She does not discuss why she believes such a transfer to Canada is imminent. Because she cannot satisfy these two requirements for obtaining an injunction, the court cannot grant her TRO Motion, and the court need not address the other two elements for obtaining a TRO.  While not opining on the merits of her claims, the court recognizes that Ms. Luby is frustrated with DCFS and the Juvenile Court and that she does not believe she has been treated fairly in the child-custody proceedings. Nevertheless, in this court, she has not demonstrated a clear and unequivocal right to an injunction.

Accordingly, Ms. Luby's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 32] is DENIED.

DATED this 27th day of August 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[10] ECF No. 32 at 1.