UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JONATHAN THARP; and LAUREN LUBY,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DIVISION OF CHILD AND FAMILY SERVICES,<br><br>Defendant. | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. NO. 34) WITHOUT PREJUDICE**<br><br>Case No. 2:25-cv-00304<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Jonathan Tharp and Lauren Luby, proceeding without an attorney, filed this civil rights action against the Utah Division of Child and Family Services (DCFS), claiming the agency violated federal laws and international treaties by interfering with their custodial rights and relationship with Ms. Luby's children.[1]  DCFS moved to dismiss the complaint, arguing it has immunity, the court lacks subject-matter jurisdiction, and the plaintiffs fail to state a claim.[2]  Mr. Tharp and Ms. Luby have since moved for leave to amend their complaint to add allegations and name individual defendants.[3]  The motion

---

[1] (Compl., Doc. No. 1 at 1.)

[2] (Def.'s Mot. to Dismiss, Doc. No. 23.)

[3] (Pls.' Mot. for Leave to File Am. Compl. (Mot.), Doc. No. 34.)  Mr. Tharp and Ms. Luby filed the proposed amended complaint nearly one month after their motion.  (*See* Notice of Proposed Am. Compl. (Proposed Am. Compl.), Doc. No. 39.)

for leave to amend is denied without prejudice because the proposed amended complaint contains claims against DCFS that should be dismissed.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course," within twenty-one days after serving it or twenty-one days after a responsive pleading or motion.[4]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[5]  Courts must "freely give leave when justice so requires."[6]  The purpose of this rule is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[7]  Denying leave to amend is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8]  Prejudice to the opposing party is the most important factor in deciding whether to allow leave to amend.[9]

---

[4] Fed. R. Civ. P. 15(a)(1).  The proposed amendment here is not permitted as a matter of course, where Mr. Tharp and Ms. Luby filed the motion to amend well after their original complaint and DCFS's motion to dismiss.

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[8] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

[9] *Minter*, 451 F.3d at 1207.

In their proposed amended complaint, Mr. Tharp and Ms. Luby seek to add several new defendants[10] and new claims and allegations, while also maintaining their original claims against DCFS.  But the undersigned has recommended the district judge grant DCFS's motion to dismiss the original complaint.[11]  Where the proposed amended pleading asserts the claims against DCFS which should be dismissed, the motion to amend must be denied.[12]

For instance, the proposed amended complaint asserts claims against DCFS under 42 U.S.C. § 1983 in counts I, III, XIII and XV, which are barred by the Eleventh Amendment.[13]  It also asserts count VI under 42 U.S.C. § 671(a)(15), a statute under which there is no private cause of action.[14]  And it fails to allege Mr. Tharp's standing, where each claim is based on injuries to Ms. Luby's rights during the child custody dispute and only asserts generalized harm to Mr. Tharp.  Permitting the plaintiffs to file

---

[10] (Proposed Am. Compl., Doc. No. 39 at 1 (naming DCFS, Ashley Tyron, Samantha Manwill, Adrija Allred, Tori Christiansen, Judge Tupoc Renteria, Sandi Clemons, Candace Roach, Jacee Ballard, Dannon Branagin, Allan Luby, Sheila McRae, Russell Gray, James Hunnicutt, Brent Hall, and "Utah State Courts (Administrative Office of the Courts)").)

[11] (*See* R. & R. to Grant Mot. to Dismiss, Doc. No. 44.)  The undersigned also recommended the district judge permit Mr. Tharp and Ms. Luby to file a new proposed amended complaint to add individual defendants, given that they are proceeding pro se and have not yet been permitted to amend their complaint.

[12] (*See* Proposed Am. Compl., Doc. No. 39 at 16, 18, 19, 23, 24.)

[13] (*Id.* at 16, 18, 23, 24.)

[14] (*Id.* at 19.)

this proposed amended complaint would cause undue prejudice because it would cause DCFS to re-litigate claims that should be dismissed.[15]

At the same time, Mr. Tharp and Ms. Luby proceed pro se. Where they also seek to add new individual defendants and they have not yet been permitted to amend their complaint, amendment consistent with the recommendations in the undersigned's Report and Recommendations is justified.[16] Accordingly, while the motion for leave to amend the complaint is denied, it is denied without prejudice.[17]

DATED this 28th day of January, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[15] *See Rycar Trust v. Yates Family Invests.*, 799 F. Supp. 3d 1178, 1207 (D. Utah 2025) (denying leave to amend because amended claims would still be legally barred and would prejudice defendants who had "already been burdened by having to respond" to prior pleadings).

[16] (*See* R. & R. to Grant Mot. to Dismiss 23, Doc. No. 44.)

[17] (Doc. No. 34.)