# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JONATHAN THARP and LAUREN LUBY,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **UTAH DIVISION OF CHILD AND FAMILY SERVICES,** <br><br> **Defendant.** | **ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> **Case No. 2:25CV304-DAK-DAO** <br><br> **Judge Dale A. Kimball** <br><br> **Magistrate Judge Daphne A. Oberg** |

This matter is before the court on the Report and Recommendation ("R&R")[1] entered by the Magistrate Judge to whom this case was assigned under 28 U.S.C. § 636(b)(1)(B). On January 28, 2026, the Magistrate Judge issued a thorough and well-reasoned R&R, recommending that the court grant Defendant's Motion to Dismiss and deny Plaintiffs' Cross-Motion for Declaratory and Injunctive Relief. Specifically, the Magistrate Judge recommends that the court dismiss Counts I, II, III, V, and VII without prejudice; dismiss Counts IV, VI, and VIII with prejudice; and deny Plaintiffs' Cross-Motion for Declaratory and Injunctive Relief. Additionally, the Magistrate Judge recommends that the court grant leave to file a new Motion to Amend and a proposed Amended Complaint naming individual defendants within thirty days after entry of this Order.

---

[1] ECF No. 44.

On February 11, 2026, Plaintiffs timely filed an Objection to the R&R.[2] In their Objection, they claim that the R&R "contains material factual errors, mischaracterizes the allegations, misapplies immunity doctrine, misstates ICARA, and improperly denies amendment, resulting in a legally incorrect recommendation to dismiss claims that remain viable and ongoing."[3]

In reviewing the R&R, the court has applied a de novo standard of review. The court has reviewed not only the R&R and the Objection thereto, but also the underlying Complaint, Motion to Dismiss, and Plaintiffs' Cross-Motion for Declaratory and Injunctive Relief, along with the related briefing and exhibits pertaining to these motions.[4] Having considered these filings, the court finds no merit to Plaintiffs' Objections and therefore overrules them. The court therefore adopts and affirms the R&R and concludes:

1. Mr. Tharp lacks standing as to any of the claims;

2. Counts I, II, III, and V are dismissed without prejudice because the Eleventh Amendment bars § 1983 claims against state agencies such as DCFS;

3. Count IV is dismissed with prejudice because Plaintiffs have failed to state a wrongful removal claim against DCFS under ICARA. There are no facts in the Complaint showing that DCFS removed Ms. Luby's children to Canada. In fact, the Complaint explicitly alleges that the "children were removed from the United States to Canada . . . by their father . . . ."[5]

4. Count VI is dismissed with prejudice because Title IV-E of the SSA does not provide a private cause of action;

5. Count VII is dismissed without prejudice because *Monell* does not permit § 1983 claims against a state or state agency; and

---

[2] ECF No. 47.

[3] *Id.* at 1.

[4] *See* ECF Nos. 23-31, 42.

[5] ECF No. 1, ¶¶ 34-35.

6.      Count VIII is dismissed with prejudice because Plaintiffs explicitly abandoned it.[6]

In their Objection, Plaintiffs do not appear to understand that the Magistrate Judge denied their previously filed Motion for Leave to Amend the Complaint because it contained claims that the Magistrate Judge has recommended be dismissed and because it did not sufficiently demonstrate Mr. Tharp's standing.  The denial, however, was without prejudice to refiling the motion. Indeed, the Magistrate Judge has recommended that the court grant Plaintiffs leave to file a new Motion to Amend and a proposed Amended Complaint naming individual defendants, and the court will do so.

Accordingly, the court ADOPTS and AFFIRMS the Magistrate Judge's R&R and OVERRULES Plaintiffs' Objections. Defendant's Motion to Dismiss [ECF No. 23] is GRANTED, and Plaintiffs' Cross-Motion for Declaratory and Injunctive Relief [ECF No. 27] is DENIED. Specifically, Counts I, II, III, V, and VII are DISMISSED WITHOUT PREJUDICE because the dismissals are based on jurisdictional grounds, and Counts IV, VI, and VIII are DISMISSED WITH PREJUDICE. Additionally, by April 17, 2026, Plaintiff(s) may file a new Motion to Amend and a proposed Amended Complaint naming individual defendants.

DATED this 17th day of March 2026.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[6] ECF No. 24 at 17.